DA 23-0702

FILED

07/30/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 164N

GARY O. STEWART,

Petitioner and Appellee,

v.

KYLE GRIMSRUD,

Respondent and Appellant.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DR-2023-14
Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Mark D. Parker, Michael L. Dunphy, Parker, Heitz & Cosgrove,
PLLC, Billings, Montana

For Appellee:

Tyler L. West, West Law Firm, P.C., Hobson, Montana

Submitted on Briefs:  July 10, 2024

Decided:  July 30, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kyle Grimsrud appeals from a permanent order of protection entered against him by the Tenth Judicial District Court under §§ 40-15-102(2)(a) and -204(1), MCA, which allows a victim of assault to file a petition for an order of protection against their assailant.  No response brief was filed.

¶3      A court may make an order of protection permanent to avoid further harm "on the basis of the respondent's history of violence, the severity of the offense at issue, and the evidence presented at the hearing."  Section 40-15-204(1), MCA.  At the hearing, the District Court heard evidence that Grimsrud had repeatedly showed up at Stewart's house without invitation and that he was asked to leave.  On February 26, 2023, Grimsrud assaulted Stewart after being asked to leave—Stewart woke up in a puddle of his own blood, with fractured ribs and a punctured lung.  Stewart is 5' 6", 132 pounds, 69 years old, and disabled without the use of his left arm.  He testified that he was afraid for himself and his family without the order of protection given the prior occurrences where Grimsrud was told to leave but kept coming back.

¶4      The District Court ordered Grimsrud not to threaten, harass, contact, or commit acts of violence against Stewart and to stay at least 300 feet away from Stewart's person,

residence, or vehicle. In the Protection Order, the court indicated that the Petitioner, Stewart, was the victim of a "very serious physical assault," and noted that there was a pending criminal case involving these events, *State v. Grimsrud*, No. DC-2023-21 (Mont. Tenth Judicial Dist.).[1] The District Court did not abuse its discretion in entering a permanent order of protection against Grimsrud.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶6     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

---

[1] We take judicial notice that Grimsrud pleaded guilty in this case to an alternative count of Burglary for these events.